# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CLARENCE ANDERSON**                                                    **PLAINTIFF**
**ADC# 165441**

v.                       No: 3:19-cv-00296 JM-PSH

**BOWERS,** *et al.*                                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Clarence Anderson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 30, 2019, while incarcerated at the Craighead County Detention Facility (Doc. No. 2). Anderson was subsequently granted leave to proceed *in forma pauperis* on November 15, 2019, and ordered to file an amended complaint describing each defendant's involvement in the alleged constitutional violations and

how Anderson was injured as a result. *See* Doc. No. 6. Anderson filed an amended complaint on December 17, 2019. *See* Doc. No. 7. For the reasons stated herein, Anderson's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se*

plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

Anderson's amended complaint states the following:

> I had been incarcerated for 31 days and I had not been able to contact a chaplain, recieve recreation, nor recieve news rather via: television or newspaper.  Ark. Code § 16-123-105 (Deprivation of Any rights), this is a failure to exhaust administrative duties.

Doc. No. 7 at 4.  The limited facts provided by Anderson are insufficient to state a constitutional claim.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  42 U.S.C. § 1983.  Anderson does not describe the personal involvement of any defendant.  *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).  Anderson also fails to describe how he has been injured.  Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation.  *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)).  *See also* 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages).

Further, even if Anderson alleged specific conduct of each defendant and described injuries related to such conduct, he would still fail to state a cognizable claim. Anderson has not alleged specific facts to show that denial of access to a chaplain, recreation, news, or television for a one-month time period rises to the level of a constitutional violation. *See Patel v. U.S. Bureau of Prisons,* 515 F.3d 807, 813 (8th Cir. 2008) (a plaintiff cannot establish a First Amendment violation without demonstrating that a substantial burden was placed on his ability to practice his religion); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003) (37 days without exercise was not an atypical and significant hardship on the inmate in the context of normal prison life); *Russell v. Helder,* No. 5:15-CV-05082, 2016 WL 4014106, at *6 (W.D. Ark. June 28, 2016), *report and recommendation adopted,* No. 5:15-CV-5082, 2016 WL 4007698 (W.D. Ark. July 26, 2016) ("Inmates have no constitutional right to watch television or listen to a radio."); *Brown v. Moore*, 93 F. Supp. 3d 1032, 1043 (W.D. Ark. 2015) (in absence of a total ban on newspapers, court must evaluate an inmate's access to newspapers, such as how newspapers are distributed, how many are distributed, and whether they are available on a daily basis).

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1.  Anderson's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 23rd day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE